**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4643

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD E. NELSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (4:01-cr-00969-CWH)

Submitted:  November 30, 2007      Decided:  February 28, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  William Earl Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald E. Nelson appeals the district court's judgment revoking his probation and imposing a nine-month sentence of imprisonment. On appeal, counsel for Nelson has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious claims for review but raising two issues: (1) whether the district court abused its discretion in finding that Nelson violated his probation; and (2) whether the nine-month sentence imposed was plainly unreasonable. Nelson, having been informed of his right to file a supplemental pro se brief, has not done so.

Nelson's first issue, that the district court abused its discretion in finding that he violated his probation, is clearly without merit. "[T]he sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). Nelson conceded the probation violations at a hearing before the district court and therefore, he cannot successfully claim that the court erred in finding these violations and revoking his probation.

Second, Nelson raises the issue of whether the sentence imposed by the district court was plainly unreasonable. We review a sentence imposed upon revocation of probation to determine whether the sentence is plainly unreasonable. Id. at 656. In

doing so, we first assess whether the sentence is unreasonable, using a more deferential standard as to issues of fact and the district court's exercise of discretion than that applied in reviewing a guidelines sentence.  Id.  If we find the sentence unreasonable, we then decide whether it is plainly so.  Id.

We conclude that the nine-month sentence imposed by the district court is not unreasonable.  The district court appropriately calculated the advisory Guidelines range and considered it and other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).  See United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  Nelson's sentence, which is within the applicable Guidelines range and the statutory maximum, is therefore reasonable.  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) ("[A] sentence within the proper advisory Guidelines range is presumptively reasonable."); see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness of sentence within properly calculated sentencing guidelines range).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's decision to revoke Nelson's probation and the nine-month sentence imposed.  This court requires that counsel inform Nelson, in writing, of the right to petition the Supreme Court of the United States for further review.  If

Nelson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nelson.

We affirm the district court's revocation of Nelson's probation and the sentence subsequently imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED